AUSA: Susan Fairchild Telephone: (313) 226-9577

AO 91 (Rev. 11/11) Criminal Complaint Agent: Yesenia Villanueva Telephone: (313) 771-6601

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

United States of America
v.
Santiago RAMIREZ-VALENTIN

.Case: 2:26−mj−30633
Assigned To : Unassigned
Assign. Date : 10/8/2026
Description: CMP USA v Ramirez−Valentin (SH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 3, 2026 in the county of Oakland in the Eastern District of Michigan, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) &(b)(1) | Unlawful Re-entry after Removal from the United States, Prior Felony Conviction |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Yesenia L. Villanueva, Deportation Officer, ICE ERO
*Printed name and title*

Sworn to before me and signed in my presence.

[signature]
*Judge's signature*

Date: October 8, 2026

City and state: Detroit, Michigan

Hon. Anthony P. Patti, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Yesenia L. Villanueva, declare the following under penalty of perjury:

1. I am a Deportation Officer with the United States Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) under the Department of Homeland Security (DHS) and have served in this capacity since December of 2025. I have over four years of total law enforcement experience. I am currently assigned to the ICE/ERO Detroit Criminal Apprehension Program.

2. The information provided in this affidavit is based upon my personal knowledge and observations, along with information provided by other law enforcement personnel including ICE/ERO Deportation Officers and database record checks. I have also reviewed records from the official immigration file and system automated data. I have not included every fact known to law enforcement related to this investigation.

3. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint and an arrest warrant for Santiago RAMIREZ-VALENTIN, a thirty-year-old citizen and native of Mexico who has been previously removed from the United States and illegally re-entered without the proper authorization or documentation to be, or remain in, the United States.

4. RAMIREZ-VALENTIN last entered the United States on an unknown date, at an unknown place, without being inspected and admitted or paroled by an immigration officer.

5. On or about March 18th, 2009, in Greenville, Texas, a Hunt County Deputy Sheriff initiated a traffic stop on a transportation van with an inoperative taillight. While conducting the traffic stop, the Deputy Sheriff concluded that the vehicle were transporting thirteen illegal aliens from Mexico, into the United States. The Deputy Sheriff contacted an ICE Special Agent via cellphone to conduct a telephonic interview of all thirteen aliens to establish their alienage and amenability. During the telephonic interview, it was

discovered that all thirteen aliens admitted to being citizens and nationals of Mexico while illegally entering the United States without immigration documents or inspection(s) by an immigration officer. RAMIREZ-VALENTIN was one of the thirteen individuals.

6. On or about March 19, 2009, RAMIREZ-VALENTIN was voluntarily removed to Mexico.

7. On or about March 24, 2009, RAMIREZ-VALENTIN was apprehended by Border Patrol, at or near Nogales, Arizona. RAMIREZ-VALENTIN was voluntarily removed to Mexico.

8. On or about July 16, 2011, RAMIREZ-VALENTIN was arrested by the Detroit Police Department for a traffic offense, this charge is still pending.

9. On or about May 15, 2012, RAMIREZ-VALENTIN was arrested by the Garden City, Michigan, Police Department for operating a vehicle while license suspended.

10. On or about May 15, 2012, Immigration and Enforcement Customs (ICE) in Detroit, Michigan, completed Criminal Alien Program (CAP) duties and encountered RAMIREZ-VALENTIN at the Garden City Police Department and took custody over RAMIREZ-VALENTIN. RAMIREZ-VALENTIN was issued a Notice to Appear (Form I-862) and placed him into removal proceedings.

11. On or about May 30, 2012, an Immigration Judge in Detroit, MI, granted RAMIREZ-VALENTIN voluntarily departure until June 13, 2012.

12. On or about June 13, 2012, RAMIREZ-VALENTIN was removed from the United States to Mexico.

13. On or about October 6, 2012, Border Patrol received a notification of twelve undocumented immigrants being housed inside of a hotel room in Alamo, Texas. During investigation, it was discovered that all twelve individuals admitted to being in the United States illegally without proper documentation. RAMIREZ-VALENTIN was one of the twelve individuals that were housed within the hotel room. RAMIREZ-VALENTIN was apprehended by Border Patrol and conveyed to the Weslaco, Texas Border

Patrol Station for processing. RAMIREZ-VALENTIN admitted to having last entered the United States illegally on October 5, 2012, by wading across the Rio Grande River. RAMIREZ-VALENTIN was processed as an Expedited Removal and advised that he may not return to the United States for a period of 5 years.

14. On or about October 7, 2012, RAMIREZ-VALENTIN was removed by a designated official from the United States to Mexico at the port of entry of Progreso, Texas.

15. On or about October 24, 2012, RAMIREZ-VALENTIN was apprehended by Border Patrol at or near Falfurrias, Texas. During investigation, it was concluded that RAMIREZ-VALENTIN admitted illegally entering the United States by wading across the Rio Grande River near the Hidalgo, Texas, port of entry on or about October 18, 2012. RAMIREZ-VALENTIN's prior order of removal was reinstated (Form I-871).

16. On or about October 28, 2012, RAMIREZ-VALENTIN was removed from the United States to Mexico.

17. On or about November 27, 2018, RAMIREZ-VALENTIN was arrested by the Wyandotte, Michigan Police Department for liquor excluding traffic. These charges are still pending.

18. On or about November 27, 2018, RAMIREZ-VALENTIN was arrested for operating a vehicle while intoxicated and being involved in a hit and run accident by Wyandotte Police Department located in Wyandotte, Michigan. Border Patrol was notified by the Detroit Sector Radio of RAMIREZ-VALENTIN'S arrest and Border Patrol placed a detainer with Wyandotte Police Department after the immigration investigation was completed.

19. On or about November 28, 2018, Border Patrol took custody of RAMIREZ-VALENTIN and conveyed him to the Gibraltar Border Patrol station for processing. RAMIREZ-VALENTIN'S prior order of removal was reinstated and he was presented for prosecution under Title 8, U.S.C. §1326, Unlawful Re-Entry.

20. On or about February 25, 2019, RAMIREZ-VALENTIN was convicted and sentenced to one month, time-served, for his violation of 8 U.S.C. §1326(a), Unlawful Re-Entry Following Removal, in the Eastern District of Michigan.

21. On or about March 12, 2019, RAMIREZ-VALENTIN was removed from the United States to Mexico via ICE Air through the Brownsville, Texas, port of entry.

22. On or about October 3, 2026, RAMIREZ-VALENTIN was arrested by the Oakland County Sheriff's Department for operating a vehicle without a license, this charge is still pending.

23. On or about October 3, 2026, ICE ERO Detroit received a notification of RAMIREZ-VALENTIN being arrested for operating a vehicle with no license, by the Oakland County Sheriff's Department located in Pontiac, Michigan. ICE Detroit took custody of RAMIREZ-VALENTIN and conveyed him to the Detroit Field Office for processing.

24. RAMIREZ-VALENTIN'S fingerprints and photograph were captured and entered into the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). The results revealed that RAMIREZ-VALENTIN is a citizen of Mexico who has been previously removed from the United States. The record checks did not provide any evidence that RAMIREZ-VALENTIN legally entered the United States or had been issued any legal immigration document to allow him to enter or remain the United States.

25. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

26. Review of the Alien File (A# xxx xxx 200) for Santiago RAMIREZ-VALENTIN and queries in U.S. Border Patrol computer databases confirm no record exists of RAMIREZ-VALENTIN obtaining permission from the Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States following his removal on March 12, 2019.

27. ERO Detroit processed RAMIREZ-VALENTIN for reinstatement of his prior order of removal pursuant to INA section 241(a)(5).

28. Based on the above information, I believe there is probable cause to conclude that Santiago RAMIREZ-VALENTIN, is a citizen and native of Mexico, with a prior order of removal who illegally reentered the United States after being removed to Mexico on March 12, 2019, and was thereafter found and arrested by ICE/ERO Detroit without first having obtained the express consent or permission of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States, all in violation of Title 8, United States Code, Section 1326(a) &(b)(1).

Yesenia L. Villanueva, Deportation Officer
Immigration and Customs Enforcement

Subscribed and sworn to before me in my presence and/or by reliable electronic means.

Honorable Anthony P. Patti
United States Magistrate Judge

October 8, 2026